UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr240

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DANIEL DEDRICK, JOHN WESLEY | ) | |
| RASMUSSEN, II, and D&C'S | ) | |
| ASSAULT TECHNOLOGIES, INC. | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the court on Defendants' Daniel Dedrick and D&C's Assault Technologies, Inc. Motion for Judicial Determination Regarding Statutory Penalties and Memorandum in Support (Documents ##72, 74), filed December 19, 2006 and March 5, 2007, respectively; the Government's Response (Document #73), filed January 5, 2007; and Defendants' Sentencing Memorandum (Document #84), filed October 6, 2009. In these filings, Defendants argue that they were improperly charged and convicted under the felony provisions of 18 U.S.C. § 924(a)(1) when they should have instead faced only the misdemeanor penalties of 18 U.S.C. § 924(a)(3). At the beginning portion of the sentencing hearing in this case, which took place on October 13, 2009, the court noted for the record that Defendants' motion regarding statutory penalties was denied, but that hearing was continued and is set to resume October 21, 2009. The court has reconsidered the merits of the motion *sua sponte* and now grants it as to Counts One, Five, Six, Seven, and Eight by way of this written order.

**FACTUAL AND PROCEDURAL BACKGROUND**

A detailed history of this case is available in this court's earlier order denying Defendants'

1

Motion for Judgment of Acquittal (Document #83). The following is a concise summary of the facts relevant to the present order.

Defendant Daniel Dedrick was charged along with Dedrick's Business, Assault Technologies, a registered holder of a Federal Firearms License as a Dealer in Firearms Other Than Destructive Devices, in a thirteen count superseding indictment on December 13, 2005. Count One charged Dedrick with conspiracy to violate 18 U.S.C. §§ 922(b)(3) and 924(a)(1)(A).[1] Counts Five and Six charged Dedrick and Assault Technologies with two counts of making false statements in records required to be kept by a licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A), or aiding and abetting the same. Count Thirteen charged Dedrick with knowing and unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o). In the same indictment, Assault Technologies was also charged in Counts Seven and Eight with two additional counts of making false statements in records required to be kept by a licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A), or aiding and abetting the same. In Count Nine Assault Technologies was charged with willfully selling a firearm to an out-of-state customer in violation of § 922(b)(3) and § 924(a)(1)(D). On December 8, 2007, the Defendants were found guilty after a jury trial of all the aforementioned charges. Defendants now argue that the charges in Counts One, Five, Six, Seven, Eight, and Nine should be punished not as felonies but as misdemeanors.

## DISCUSSION

An analysis of the statutory language, the relevant decisions of other courts, and the legislative history of the statute in question leads this court to conclude that Defendants were

---

[1] Count One of the indictment also charged defendants with conspiracy to violate 18 U.S.C. § 922(d)(1), but at the close of the Government's case the court granted Defendants' motion for acquittal as to this portion of the charge.

improperly charged under the felony provision of 18 U.S.C. § 924(a)(1)(A) in Counts One, Five, Six, Seven, and Eight. As licensed firearms dealers, they instead should have been charged pursuant to the misdemeanor provision found in 18 U.S.C. § 924(a)(3). The court will now examine the three bases of its decision in turn.

### A. 18 U.S.C. § 924

The plain language of § 924(a)(1) states:

> Except as otherwise provided in this subsection, subsection (b), (c), (f), or (p) of this section, or in section 929, whoever--
>
>> (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter;
>> . . . .
>> (D) willfully violates any other provision of this chapter,
>
> shall be fined under this title, imprisoned not more than five years, or both.

(emphasis added).[2] The language of § 924(a)(3) is almost identical in describing the conduct proscribed:

> Any licensed dealer, licensed importer, licensed manufacturer, or licensed collector who knowingly-- (A) makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter . . . shall be fined under this title, imprisoned not more than one year, or both.

(emphasis added).[3] Reading the two statutory provisions together, it is clear that § 924(a)(3) is one of the exceptions to § 924(a)(1) that is explicitly contemplated by the text of that subsection. Since

---

[2]This is the current version of the statute. The two versions of the statute in place on the dates of the acts charged in the indictment were identical in every respect to the current statute, except that they lacked the reference to subsection "(p)."

[3]This subsection is unchanged from the time of the charged conduct to the present.

Congress has provided for different treatment of licensed firearms dealers in § 924(a)(3) and has specifically acknowledged in § 924(a)(1) that § 924(a)(1) does not apply when a more specific provision of subsection § 924(a) "provides otherwise," § 924(a)(3) is the only provision of this subsection that can be used to charge licensed firearms dealers with the types of "knowing" record-keeping violations contemplated by both § 924(a)(1) and § 924(a)(3).

The intent of Congress is clear in the plain text of the statute. § 924(a)(1) is the general penalty provision that is applicable "[e]xcept as otherwise provided," while § 924(a)(3) is a more specific misdemeanor provision applicable only to the smaller subset of licensed firearms dealers, licensed importers, licensed manufacturers, and licensed collectors. Since Congress has "otherwise provided" for the punishment of licensed dealers, § 924(a)(1) by its own terms is inapplicable to this class of individuals. Furthermore, the court notes that its interpretation of these two statutory provisions is supported by the canon of statutory construction dictating that a more specific provision, if applicable, takes precedence over a more general provision directed towards the same conduct. Edmond v. United States, 520 U.S. 651, 657 (1997) (holding that "where a specific provision conflicts with a general one, the specific governs"); Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 339 (4th Cir. 2009); United States v. Mitchell, 39 F.3d 465, 475 (4th Cir. 1994) (applying a more specific penalty provision to punish criminal conduct instead of a more general penalty provision). This interpretation is also supported by the principle that any "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." United States v. Bass, 404 U.S. 336, 347 (1971); see also Yi v. Federal Bureau of Prisons, 412 F.3d 526, 535 (4th Cir. 2005) (noting that the rule "applies not only to resolve issues about the substantive scope of criminal statutes, but to answer questions about the severity of sentencing" (quotation omitted)). Thus, the

4

government's argument that the statute gives discretion to prosecutors to pursue either misdemeanor or felony penalties against a licensed firearms dealer depending on the severity of the violations is unpersuasive.

**B. Other Cases**

Two cases from the Eastern District of Virginia provide a detailed analysis of this issue. In both United States v. Percival, 727 F. Supp. 1015 (E.D. Va. 1990), aff'd 932 F.2d 964 (4th Cir. 1991) (unpublished), and United States v. Wegg, 919 F. Supp. 898 (E.D. Va. 1996), the court held that only the misdemeanor penalty of § 924(a)(3) was applicable to licensed firearms dealers. In Percival, the court held that this was true even when the licensed dealer was convicted of "willful" violations. In Wegg, the court held that licensed dealers were only subject to misdemeanor penalties for record-keeping violations even if convicted of aiding and abetting the felony violations of unlicensed individuals pursuant to § 924(a)(1) or of conspiring with unlicensed individuals to violate the same provision.

Both courts based their decisions on a statutory interpretation similar to that adopted by this court above. In addition, the court in Percival found that the legislative history did not conflict with its holding, 727 F. Supp. 1018-19, while the court in Wegg found that the legislative history was even more favorable to its decision than the court in Percival realized, Wegg, 919 F. Supp. at 901, 904-05. Thus, although not squarely relevant to the instant case, the courts in both Percival and Wegg seem to hold that record-keeping violations committed by a licensed dealer must always be punished as misdemeanors, even if the dealer was charged under a different statutory provision and even if the offense conduct differs somewhat from the "knowing" violations explicitly punishable under § 924(a)(3).

In opposition to these cases, the government has cited several cases from other circuits. Although most of the courts cited by the government do disagree with the decisions in either <u>Wegg</u> or <u>Percival</u>, most of these cases are distinguishable on the basis of their facts and charged conduct.

For instance, in <u>United States v. Rietzke</u>, 279 F.3d 541 (7th Cir. 2002), the defendant, a licensed firearms dealer, pled guilty to "willfully failing to keep a record" regarding the sale and delivery of certain weapons under § 924(a)(1)(D). <u>Id.</u> at 545. Given this factual predicate of Rietzke's plea, the Seventh Circuit distinguished <u>Wegg</u> because in that case the defendant was convicted of aiding and abetting the "knowing" making of false statements; he was not found guilty of willful conduct or of a failure to keep records. <u>Id.</u> at 544. In reaching this conclusion, the Seventh Circuit repeatedly emphasized that Rietzke had pled guilty to "willful" violations of the firearms regulations. <u>Id.</u> at 543-46. Because this required a different element of proof than a "knowing" violation of the same statute, the court found that the prosecutor had discretion to punish willful violations -- even those committed by licensed firearms dealers -- under the felony provision of § 924(a)(1)(D), which is the catch-all for willful violations of the statutory scheme regulating the sale of firearms. <u>Id.</u> at 545.

The rationale of Rietzke is closely paralleled in the decisions of two other circuits. In both <u>United States v. Choice</u>, 201 F.3d 837 (6th Cir. 2000) and <u>United States v. Jarvouhey</u>, 117 F.3d 440 (9th Cir. 1997) the Sixth and Ninth Circuits held that a willful failure to keep the records required by 18 U.S.C. § 922(b)(5) could support felony punishment under § 924(a)(1)(D).

In addition, the Sixth Circuit case of <u>United States v. Carney</u>, 387 F.3d 436 (6th Cir. 2004), cited by the government, is not persuasive when applied to the facts of this case. In <u>Carney</u>, the Sixth Circuit reaffirmed the rationale of <u>Choice</u> and upheld defendants felony convictions for

6

"willful" violations of § 922(b)(5)[4] and § 924(a)(1)(D). Of special interest to the instant case, the court in Carney also found that in reference to § 924(a)(1)(A) and § 924(a)(3), "instances undoubtedly exist wherein a defendant legitimately could be charged under only one section . . . or the other." Id. at 444.

More helpful to the government's argument in the present case, the court in Carney also held that licensed firearms dealers could be punished under the felony provision of § 924(a)(1) for aiding and abetting violations of § 924(a)(1)(A) by individuals who were not licensed dealers, since "*Whoever*" aids or abets the commission of a federal offense is "*punishable as a principal*." Carney, 387 F.3d at 446 (emphasis in original) (quoting 18 U.S.C. § 2(a)). In this regard, the Carney decision directly conflicts with the holding in Wegg.

Similarly, the Eighth Circuit held in United States v. Al-Muqsit, 191 F.3d 928, 935-36 (8th Cir. 1999), that the statutory interplay of § 924(a)(1)(A) and § 924(a)(3) was a legislative compromise intended "to ensure that technical or unimportant violations would not be punished too harshly while allowing for felony prosecution of more serious offenses." However, no other court has adopted such a broad view of prosecutorial discretion under these statutes, and the predicate conduct in that case was a conspiracy between licensed firearms dealers *and unlicensed purchasers* to violate § 924(a)(1)(A). Thus, the government in that case established that an agreement existed to violate § 924(a)(1)(A) by having the unlicensed buyers falsify the information they provided to the licensed dealers, and that the dealers joined this agreement and so were culpable of violating §

---

[4] § 922(b)(5) is similar to § 924(a)(1)(A) and § 924(a)(3). It criminalizes the failure to keep proper records regarding the sale of firearms. Like most statutes regulating firearms, § 922(b)(5) does not itself contain a penalty provision. Instead, the applicable penalties are found in § 924.

7

924(a)(1)(A) through the falsifications of the purchasers.[5]

**C. Legislative History**

Although aware that it is unnecessary to delve into the legislative history when the court has already found the plain language of a statute to be unambiguous, the court will nevertheless assure itself that nothing in the statute's history suggests an interpretation contrary to the one adopted by the court today. Different courts have reached opposing conclusions as to both the legislative history's usefulness and its meaning. See Rietzke, 279 F.3d at 546 (highlighting sponsor's statement that dealers should not be "subjected to harsh felony penalties for technical violations of the rigid record-keeping standards" of the act as supporting the court's distinction between willful and knowing violations); Choice, 201 F.3d at 842 (finding legislative history "inconclusive" and "of limited usefulness"); Al-Muqsit, 191 F.3d at 935-36 (holding that legislative history supports conclusion that Congress intended to give prosecutors discretion to pursue either felony or misdemeanor convictions against licensed dealers); Wegg, 919 F. Supp. at 901, 904-05 (holding that legislative history was clear that Congress intended licensed dealers to face only misdemeanor punishment for all record-keeping violations); Percival, 727 F. Supp. at 1018 (finding "legislative history is available to support both sides' positions"). As a result of these conflicting interpretations, the court finds that the legislative history at best supports its decision that § 924(a)(1)(A) is inapplicable to licensed dealers and at worst is ambiguous as to Congressional intent on this specific issue. The court notes that most of the cases where courts found the legislative history to support

---

[5]To the extent that the Eighth Circuit's holding in Al-Muqsit was broader than this court's reading of it, this court would find the reasoning of Al-Muqsit insufficiently nuanced in light of the distinctions made by the other circuits and unpersuasive in the face of the more compelling cases from this circuit.

felony charges involved either willful violations or charged conduct other than a simple violation of § 924(a)(1)(A) by a licensed dealer. Accordingly, the court finds that the legislative history of § 924 does not contradict its interpretation of this statute.

**D. Application of the Law to this Case**

The court in this case need not go as far as the courts in <u>Wegg</u> and <u>Percival</u>. Instead, this court only holds that where a licensed dealer is charged with "knowingly" making "false statement[s] or representation[s] with respect to the information required . . . to be kept in the records of a person licensed under this chapter," these violations must be prosecuted under the specific misdemeanor provision of § 924(a)(3), which by its specificity and by the plain meaning of the statute takes precedence over the more general § 924(a)(1)(A). In addition, this interpretation is neither contradicted by the statutory language nor by the case law from other circuits, and it is in fact supported by the decisions from this circuit. This is not a case, as in <u>Rietzke</u>, <u>Choice</u>, or <u>Jarvouhey</u>, where the Defendant was charged with a willful failure to maintain the appropriate records. Neither is this a case, as in <u>Carney</u>, where the defendants were unambiguously convicted of aiding and abetting unlicensed individuals in their violations of § 924(a)(1)(A), or in conspiring with unlicensed individuals to achieve the same goal, as in <u>Al-Muqsit</u>.

Instead, in the present case, Defendants were only charged with knowing violations of § 924(a)(1)(A) in counts Five, Six, Seven, and Eight. As a result, each of these counts should have been charged as a misdemeanor under § 924(a)(3).[6] However, in Count Nine, Defendant Assault

---

[6]Although the Indictment also charged the Defendants with aiding and abetting others in commission of the § 924(a)(1)(A) offenses, the verdict form does not unequivocally find that the Defendants were convicted under this statute. Even if Defendants had been, there is nothing to show that any conviction for aiding and abetting was for aiding and abetting unlicensed individuals in their violations of § 924(a)(1)(A). The jury could just as easily have found, as the

9

Technologies was convicted of "willfully" selling a pistol to an out of state resident in violation of 18 U.S.C. § 922(b)(3) and § 924(a)(1)(D). Because the charged conduct in this count is not a record-keeping offense that would fall within the ambit of § 924(a)(3), and because the Defendant was convicted of "willfully" as opposed to "knowingly" violating this statute, the court finds that this charge and conviction should remain undisturbed.

Defendant Dedrick was also convicted in Count One of conspiracy. The indictment alleged that Dedrick conspired with John Rasmussen, another Assault Technologies employee, to knowingly transfer a firearm to an out-of-state resident in violation of § 922(b)(3) and to "knowingly make a false statement or representation in the records of a Federal Firearms Licensee" in violation of § 924(a)(1)(A). Although a conviction for conspiracy to violate § 922(b)(3) might be sufficient to support felony penalties under § 924(a)(1)(D), the verdict form does not establish that the jury relied on a violation of § 924(b)(3) to support the conspiracy conviction, nor did the court's instructions unerringly guide the jury such that the verdict could be interpreted as conclusively supporting a felony conviction. From the wording in the indictment and the jury instructions, the jury may simply have found a conspiracy solely between Dedrick and Rasmussen (both licensed firearms dealers)[7] to falsify their records under § 924(a)(1)(A). Since this conduct properly should have been charged under § 924(a)(3), the court must err on the side of lenity and reduce this conviction to a misdemeanor.

---

indictment alleges, that the Defendants, all of whom were licensed firearms dealers, aided and abetted each other in misdemeanor violations of § 924(a)(3).

[7]Although the jury may have found a conspiracy that included Assault Technologies' customers, and although this type of conspiracy to violate § 924(a)(1)(A) might support a felony charge against Dedrick, this cannot be determined from the verdict.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant Dedrick's convictions as to Counts One, Five, and Six, and Defendant Assault Technologies' convictions on Counts Five, Six, Seven, and Eight, will be converted to misdemeanor convictions punishable under § 924(a)(3). However, Defendant Assault Technologies' conviction on Count Nine will remain unchanged and will still be punishable as a felony.[8]

Signed: October 20, 2009

Richard L. Voorhees
United States District Judge

---

[8] Defendant Dedrick does not challenge his felony conviction for unlawful possession of a machine gun under Count Thirteen. This conviction also remains unaltered by the court's decision in the instant order.